1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue
5  Fourth Floor
   El Segundo, California 90245
6  Telephone: (310) 536-1000
   Facsimile: (310) 536-1001
7
   NEWPORT TRIAL GROUP
8  A Professional Corporation
   Scott J. Ferrell, Bar No. 202091
9  sferrell@trialnewport.com
   James B. Hardin, Bar No. 205071
10 jhardin@trialnewport.com
   Victoria C. Knowles, Bar No. 277231
11 vknowles@trialnewport.com
   895 Dove Street, Suite 425
12 Newport Beach, CA 92660
   Tel: (949) 706-6464; Fax: (949) 706-6469
13
   *Counsel for Plaintiff and all*
14 *others similarly situated*

15                UNITED STATES DISTRICT COURT

16              SOUTHERN DISTRICT OF CALIFORNIA

17 MATTHEW DRONKERS, on behalf of  )  Case No. **'12CV1151 JAH  WMc**
   himself and all others similarly situated, )
18                                            )  **CLASS ACTION**
            Plaintiff,                        )  **COMPLAINT FOR:**
19                                            )
       v.                                     )  **1. VIOLATION OF THE FALSE**
20                                            )  **ADVERTISING LAWS ("FAL");**
   KISS MY FACE, LLC, a Delaware              )  Bus. & Prof. Code §17500 et seq.;
21 Limited Liability Company, and DOES        )
   1-10, inclusive,                           )  **2. VIOLATION OF CALIFORNIA'S**
22                                            )  **UNFAIR COMPETITION LAWS**
            Defendant.                        )  **("UCL"); Bus. & Prof. Code §17200**
23                                            )  **et seq.;**
                                              )
24                                            )  **3. VIOLATION OF CALIFORNIA'S**
                                              )  **CONSUMER LEGAL REMEDIES**
25                                            )  **ACT ("CLRA"), Civil Code §1750 et**
                                              )  **seq.**
26                                            )
                                              )  **DEMAND FOR JURY TRIAL**
27                                            )
                                              )
28 _____ )

Plaintiff Matthew Dronkers, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

## PARTIES

1. Plaintiff Matthew Dronkers is a resident of San Diego County who purchased Kiss My Face products in early 2012. Plaintiff relied on Defendant's representations that the Kiss My Face personal care products he purchased were organic, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such products.

2. Defendant, Kiss My Face, LLC, is a Delaware limited liability company with its principal place of business in New York. Defendant has sold its products in California and across the United States of America.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

5. A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the

amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

6. This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

8. Defendant manufactures, markets, and sells a wide variety of consumer products. Such products include moisturizers, hand cremes, shampoo, shine, lighteners, and toothpaste. One such line of products that Defendant sold was labeled as "obsessively organic" clearly on the front of the product packaging (hereafter referred to as "Products").

9. In reality, they are nothing of the sort. This false marketing – known as "greenwashing" – enables Defendant to unfairly capture sales that it would not make but for its deception, and also charges consumers a premium based upon the false perception that the products are organic.

10. The market for natural personal care products is expected to gross over $11.7 billion by 2013. In fact, the market for natural personal care products is expected to grow by over 13% annually while the market for general personal care products is only expected to expand by 3%. Likewise, according to the Organic Trade Association, the market for organic non-food products grew at an alarming rate of over 9.7% in 2010 and reached nearly $2 billion in sales. Defendant exploits this rapidly growing, highly profitable market by falsely and misleadingly labeling its Products to imply that its Products too should be considered "organic."

11. To a reasonable and ordinary consumer, an "Organic" beauty product is one that is derived from fruits, vegetables and other crops that are grown, produced, handled, and processed according to strict guidelines. This includes, at a minimum, that: (1) the land used to produce organic source materials must be free of synthetic fertilizers and conventional pesticides; (2) the product must be derived from farming practices where the ingredients have not been genetically engineered or exposed to radiation; and most importantly, (3) the product must contain no synthetic ingredients.

12. Likewise, the U.S. Department of Agriculture National Organic Program, 7 C.F.R. §205.660(a), which was promulgated pursuant to the Organic Foods Production Act of 1990, 7 U.S.C. §6519, has provided guidance for circumstances under which products intended for ingestion – not the products at issue in this complaint – may be properly be labeled as "organic." Such products must, at a minimum: (1) contain 95% organic ingredients (excluding water and salt); (2) be derived from organic agricultural material that has been grown without the use of pesticides, synthetic fertilizers, genetic engineering, or irradiation; and (3) be made entirely without the use of petrochemical compounds. The products at issue satisfy none of the preceding criteria. Instead, they are completely conventional non-organic formulations.

13. Regrettably, the United States Department of Agriculture disclaims any authority over the labeling of personal care products. Specifically, in an April 2008 "Guidance Document" entitled "Cosmetics, Body Care Products and Personal Care Products," the USDA advised that, except in limited circumstances not applicable here, the Agency "has no authority over the production and labeling of cosmetics, body care products, and personal care products."

14. The Kiss My Face Products do not qualify as "Organic" under any of the preceding criteria Defendant's misrepresentations regarding the character and quality of its Products were designed to, and did, lead Plaintiff and others similarly situated to believe that the Products were organic. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

15. Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the funds taken by this unlawful practice.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, as members of the class (referred to hereafter as the "Class") defined as follows:

    California Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of California who purchased any Kiss My Face personal care product labeled as "Organic" during the four years preceding the filing of this complaint through the date of final judgment in this action. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

17. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

18. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual

joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

19. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) Whether Defendant's advertising or labeling is false or misleading;

(b) Whether Defendant's Products are in fact organic;

(c) Whether Defendant's conduct violates the CLRA or other laws;

(d) Whether Defendant's conduct is "unfair" under Bus. & Prof. Code Section 17200;

(e) Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

20. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

21. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys

experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

22. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

24. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## Business and Professions Code §17500

## (Violation of the False Advertising Act)

### (By Plaintiff and the Class Against All Defendants)

26. Plaintiff hereby incorporates paragraphs 1-25 above as if set forth in full.

27. California Business and Professions Code (the "Code") § 17500 provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading ...."

28. Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

29. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

30. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

//

## SECOND CAUSE OF ACTION

## Business and Professions Code § 17200, et seq.

## (Violation of the Unfair Competition Law)

### (By Plaintiff and the Class Against All Defendants)

31. Plaintiff hereby incorporates paragraphs 1-30 above as if set forth in full.

32. California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

33. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

34. The material misrepresentations, concealment, and non-disclosures by Defendant and DOES 1-10 as part of their marketing and advertising of their Products are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

35. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

36. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

37. Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any

1  counseling benefits to consumers or to competition, and is not an injury
2  the consumers themselves could have reasonably avoided.
3  38.  Defendant's practices, as set forth above, have misled the general public in
4       the past and will mislead the general public in the future. Consequently,
5       Defendant's practices constitute an unlawful and unfair business practice
6       within the meaning of the UCL.
7  39.  Pursuant to California Business and Professions Code § 17204, an action for
8       unfair competition may be brought by any "person . . . who has suffered
9       injury in fact and has lost money or property as a result of such unfair
10      competition." Defendant's wrongful misrepresentations and omissions have
11      directly and seriously injured Plaintiff and the putative class by causing them
12      to pay for a product because they relied on the false and misleading marketing
13      and advertising statements of Defendant.
14 40.  The unlawful, unfair, and fraudulent business practices of Defendant are
15      ongoing and present a continuing threat that members of the public will be
16      misled into purchasing Kiss My Face personal care product labeled as
17      "organic" based on the belief that they are natural and organic when, in fact,
18      this is not the case.
19 41.  Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent
20      injunctive relief ordering Defendant to cease this unfair competition, as well
21      as disgorgement and restitution to Plaintiff and the Class of all of Defendant's
22      revenues associated with Defendant's unfair competition, or such portion of
23      those revenues as the Court may find equitable.

### THIRD CAUSE OF ACTION
### Civil Code § 1770, et seq.
### (Violation of the Consumer Legal Remedies Act)
### (By Plaintiff and the Class Against All Defendants)

28 42.  Plaintiff hereby incorporates paragraphs 1-41 above as if set forth in full.

43. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760 et seq. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

44. Plaintiff has standing to pursue this claim as Plaintiff purchased Kiss My Face personal care products labeled as "obsessively organic," believing that they were in fact pure, natural, and organic. Plaintiff relied on Defendant's advertising and has been damaged because the Products he purchased are not pure, natural and organic; had he known this, he would have either not bought the Products or paid less for them.

45. Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).

46. Defendant's wrongful business practices constituted, and constitutes, a continuing course of conduct in violation of the California CLRA since Defendant is still representing that its products have characteristics which are false and misleading.

47. More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California Civil Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in Plaintiff and Class members purchasing Defendant's products, in violation of the CLRA. Cal. Civil Code § 1770, et seq.

-11-
CLASS ACTION COMPLAINT

48. As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all consumers who purchased Defendant's supplement products have suffered damage and lost money in that they paid for products that did not have the characteristics and benefits as represented. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

49. Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5. An award of statutory damages according to proof, except that no damages are currently sought on Plaintiffs' Cause of Action regarding the Consumer Legal Remedies Act at this time;

6. An award of general damages according to proof, except that no damages are currently sought on Plaintiffs' Cause of Action regarding the Consumer Legal Remedies Act at this time;

7. An award of special damages according to proof, except that no damages are currently sought on Plaintiffs' Cause of Action regarding the Consumer Legal Remedies Act at this time;

8. Exemplary damages, except that no damages are currently sought on Plaintiffs' Cause of Action regarding the Consumer Legal Remedies Act at this time;

9. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

DATED: May 10, 2012                    KIRTLAND & PACKARD LLP

By: *[signature]*
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and all others similarly situated*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of actions so triable.

DATED: May 10, 2012                KIRTLAND & PACKARD LLP


By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and all others similarly situated*

I, Matt Dronkers, declare as follows:

1. I am a Plaintiff in this action, and am a citizen of the State of California. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that San Diego County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_/s/ Matt Dronkers_
Matt Dronkers

- 1 -
DECLARATION RE VENUE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MATTHEW DRONKERS, on behalf of himself and all others similarly situated,

## DEFENDANTS
KISS MY FACE, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, CA 90245
(310) 536-1000

Attorneys (If Known)
'12CV1151 JAH WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [x] 190 Other Contract  (JMD) | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION |  | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(d)(2)(A) - Class Action Fairness Act Diversity - false and misleading advertising causing Plaintiff and the Class to purchase Defendant's products.
Brief description of cause:
Unfair business practices and false advertising.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ TBD
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 11, 2012
SIGNATURE OF ATTORNEY OF RECORD: Heather M. Peterson

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CSDJS44