GREENBERG TRAURIG, LLP
James M. Mattesich (SBN 54069)
Email: *Mattesichj@gtlaw.com*
Angela L. Diesch (SBN 256253)
Email: *Diescha@gtlaw.com*
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  916-442-1111
Facsimile:   916-448-1709

Attorneys for Defendant
KISS MY FACE, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DRONKERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KISS MY FACE, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusively,<br><br>Defendants. | Case No.  12-CV-1151-JAH-WMC<br><br>Assigned for all purposes to John A. Houston<br><br>**DEFENDANT KISS MY FACE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:        May 10, 2012 |

For its Answer to Plaintiff Matthew Dronker's ("Dronker" or "Plaintiff") Complaint, filed June 10, 2012, Defendant Kiss My Face, LLC ("KMF" or "Defendant") responds as follows:

## PRELIMINARY STATEMENT

Defendant KFM states that it is responding to the allegations in the Complaint for itself and for no other defendant. All factual allegations are denied unless expressly admitted. Admissions are limited to specific facts addressed, and not to any characterizations, conclusions, or inferences from those facts or to the relevance of any admission or facts relative to the merits to the action or claims purportedly set forth in the Complaint.

Much of the Complaint consists of materials Plaintiff and his counsel have gleaned from unknown places at unknown times. Such materials go beyond the required short plain statement of the case to plead what may or may not ultimately prove to be evidence. At this point, KMF is unable to ascertain the authenticity of much of this content; that is the purpose of discovery. Thus, of necessity, Defendant is not in a position specifically to admit or deny averments based upon unauthenticated documents or opinions, and therefore such averments are denied for lack of information and belief. Plaintiff's inferences and conclusions drawn from those unauthenticated documents are denied. Any acknowledgement that a document speaks for itself is merely a statement of the obvious, and not an admission as to the authenticity of any document, nor an adoption of the contents thereof, nor an admission of any other fact or conclusion averred by Plaintiff.

## PARTIES

1. Answering paragraph 1 of the Complaint, Defendant lacks information and belief as to Plaintiff's residence, and on that basis, denies the allegation.

2. Answering paragraph 2 of the Complaint, Defendant admits it is a Delaware Corporation with its principal place of business in New York and that it sells its products into California.

3. Answering paragraph 3 of the Complaint, Defendant notes that this paragraph does not assert facts but rather offers a basis for pleading DOE defendants. To the extent a response is required, Defendant denies the allegations.

4. Answering paragraph 4 of the Complaint, Defendant denies the allegations.

## JURISDICTION AND VENUE

5. Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that the claim is in excess of $75,000, but lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations and, accordingly, denies each and every remaining allegation. Defendant further denies that Plaintiff or any putative class member is entitled to any relief or claim for damages.

6. Answering paragraph 6 of the Complaint, Defendant admits its products are sold in the state of California, but lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations and, accordingly, denies each and every remaining allegation. Defendant further denies this Court has subject matter jurisdiction over Plaintiff's claims.

7. Answering paragraph 7 of the Complaint, the allegations do not require a response, because they assert contentions of law and conclusions rather than state factual allegations. To the extent a response to paragraph 7 is required, KMF admits that Plaintiff purports to bring this action as a class action, but deny that this lawsuit is appropriate for class certification. As to the remaining allegations in paragraph 7, KMF lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and KMF denies those allegations on that basis.

## FACTUAL ALLEGATIONS

8. Answering paragraph 8 of the Complaint, Defendant admits it manufactures, markets, and sells a variety of consumer products including, but not limited to, moisturizers, hand crèmes, shampoo, and toothpaste. Defendant also admits that it previously had a product line with the registered trademark of "obsessively organic"

located on the front label. Except as specifically admitted, and as to each and every remaining allegation in this paragraph, Defendant denies the remainder of paragraph 8.

9. Answering paragraph 9 of the Complaint, Defendant denies the allegations.

10. Answering paragraph 10 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations in this paragraph and denies all such allegations contained therein.

11. Answering paragraph 11 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations in this paragraph and denies all such allegations contained therein.

12. Answering paragraph 12 of the Complaint, the allegations are conclusory and incomplete statements of law rather than Complaint allegations, and do not require any response by Defendant. To the extent any statements are deemed factual, Defendant denies each and every remaining allegation contained therein.

13. Answering paragraph 13 of the Complaint, the allegations are conclusory and incomplete statements of law rather than Complaint allegations, and do not require any response by Defendant. To the extent any statements are deemed factual, Defendant denies each and every remaining allegation contained therein.

14. Answering paragraph 14 of the Complaint, Defendant denies that it products do not qualify as "organic." As to the allegations regarding the "preceding criteria." Plaintiff's allegations are conclusory and incomplete statements of law rather than Complaint allegations, and do not require any response by Defendant. To the extent any statements are deemed factual, Defendant denies each and every remaining allegation contained therein. As to the remaining allegations, Defendant lacks information or belief sufficient to admit or deny these allegations and, on that basis, denies each and every remaining allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendant admits that Plaintiff purports to bring this lawsuit to enjoin alleged deception, but KMF denies that Plaintiff

and the putative class has any claim against KMF, deny Plaintiff and the putative class is entitled to any relief requested, and deny that this lawsuit is appropriate for class action certification. Defendant further denies any ongoing deception as the organic claims to which Plaintiff complains were eliminated from Defendant's products prior to the filing of Plaintiff's Complaint.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

16. Answering paragraph 16 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of herself and others similarly situated, but denies that the class is defined as an appropriate class.

17. Answering paragraph 17 of the Complaint, Defendant admits that Plaintiff purports to proceed as set forth in Paragraph 17. Defendant denies, however, that this action satisfies the requirements of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3) to be properly maintained as a class action and further denies that Dronker or any putative class member has any valid cause of action, is entitled to any alleged damages, and/or that anyone is legally entitled to pursue such claims on a class action basis.

18. Answering paragraph 18 of the Complaint, Defendant denies the allegations.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every allegation in paragraph 19 and subparagraphs (a) through (e).

20. Answering paragraph 20 of the Complaint, Defendant denies the allegations.

21. Answering paragraph 21 of the Complaint, Defendant denies the allegations.

22. Answering paragraph 22 of the Complaint, Defendant denies the allegations.

23. Answering paragraph 23 of the Complaint, Defendant denies the allegations.

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations and further asserts that the "organic" claims on Defendants products for which Plaintiff complains were removed from Defendants' product labels prior to the filing of this action.

# FIRST CAUSE OF ACTION
## Business and Professions Code § 17500
### (Violations of the False Advertising Act)
### (By Plaintiff and the Class Against all Defendants)

26. Answering paragraph 26 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 25 above, as though re-alleged and incorporated here by reference.

27. Answering paragraph 27 of the Complaint, Defendant admits that California Business & Professions Code Section 17500 is a statutory enactment that speaks for itself. Defendant denies any remaining allegations and averments in paragraph 27.

28. Answering paragraph 28 of the Complaint, Defendant denies the allegations.

29. Answering paragraph 29 of the Complaint, Defendant denies the allegations and specifically denies that Plaintiff or any putative class member suffered injury in fact or have lost money or property.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations. Further, KMF alleges that the "obsessively organic" claims for which Plaintiff complains were removed from KMF products' labels prior to the filing of this suit. Defendant denies that it mislead or engaged in false advertising and further asserts that this is no risk any purported continuing harm, if any, because the "organic" claims are no longer being made on KMF products' labels.

# SECOND CAUSE OF ACTION
## Business and Professions Code § 17200
### (Violations of the Unfair Competition Law)
### (By Plaintiff and the Class Against all Defendants)

31. Answering paragraph 31 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 30 above, as though re-alleged and incorporated here by reference.

/ / /

32. Answering paragraph 32 of the Complaint, Defendant admits that California Business & Professions Code Section 17200 is a statutory enactment that speaks for itself. Defendant denies any remaining allegations and averments in paragraph 32.

33. Answering paragraph 33 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 33 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice.

34. Answering paragraph 34 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 34 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice.

35. Answering paragraph 35 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 35 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice.

36. Answering paragraph 36 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 36 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice.

37. Answering paragraph 37 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 37 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice.

38. Answering paragraph 38 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 38 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice. Defendant further alleges that the "obsessively organic" labeling claims for which Plaintiff complains were removed from Defendants' products' labeling and marketing prior to the filing of this action. Accordingly, no case or controversy exists.

39. Answering paragraph 39 of the Complaint, the allegations do not require a response, because they assert contentions of law rather than state factual allegations. To the extent a response to paragraph 39 is required, Defendant denies that it is liable to Plaintiff or the putative class for any unlawful, unfair or fraudulent business act or practice. Defendant further denies that Plaintiff or any putative class member is entitled to any relief against Defendant.

40. Answering paragraph 40 of the Complaint, Defendant denies that the alleged conduct for which Plaintiff complains is ongoing and presents a continuing threat to members of the public. Specifically, the labeling claims for which Plaintiff claims were removed from KMF products' labels and marketing prior to the filing of this Complaint.

41. Answering paragraph 41 of the Complaint, Defendant denies the allegations.

### THIRD CAUSE OF ACTION
### Civil Code § 1770, et seq.
### (Violations of the Consumer Legal Remedies Act)
### (By Plaintiff and the Class Against all Defendants)

42. Answering paragraph 42 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 41 above, as though re-alleged and incorporated here by reference.

43. Answering paragraph 43 of the Complaint, Defendant admits that Plaintiff seeks to bring the third cause of action on behalf of herself and the putative Class, but KMF denies that Plaintiff and the putative class has any claim against Defendant, denies

1  that Plaintiff and the putative class is entitled to any relief requested, and denies that this
2  lawsuit is appropriate for class action certification. KMF admits that the Civil Code
3  section 1760, *et seq*., is a statutory enactment that speaks for itself.  Defendant denies any
4  remaining allegations and averments in paragraph 43.
5       44.   Answering paragraph 44 of the Complaint, Defendant denies Plaintiff has
6  standing to pursue this claim against KMF.  As to the remaining allegations in this
7  paragraph 44, Defendant lacks information and belief as to the remaining allegations, and
8  on that basis, denies each and every allegation.
9       45.   Answering paragraph 45 of the Complaint, Defendant admits Plaintiff
10 attached a purported declaration of venue to the Complaint, but denies it satisfies the
11 requirements of Civil Code section 1780(d).
12      46.   Answering paragraph 46 of the Complaint, Defendant denies it previously
13 engaged in wrongful practices, and further denies that it continues to engage the practices
14 that Plaintiff alleges is wrongful business practices
15      47.   Answering paragraph 47 of the Complaint, Defendant denies the allegations.
16      48.   Answering paragraph 48 of the Complaint, Defendant denies the allegations.
17      49.   Answering paragraph 49 of the Complaint, the allegations do not require a
18 response, because they assert Plaintiff's intentions and proposed course of conduct, rather
19 than state factual allegations.  To the extent a response to paragraph 39 is required,
20 Defendant denies the allegations.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to relief as to Kiss My Face, LLC.

23      1.   Answering paragraph 1 of the Plaintiff's Prayer for Relief, Defendant denies
24 that Plaintiff is entitled to any preliminary or permanent injunctive relief under any of the
25 claims asserted in the Complaint, or at all.  In particular, the contested "obsessively
26 organic" labeling and marketing claims were removed from Defendant's products prior
27 to the filing of this suit.
28 / / /

2. Answering paragraph 2 of the Plaintiff's Prayer for Relief, Defendant denies that this case is appropriate for class certification and denies that Plaintiff or the putative class members are entitled to any of the relief sought under any of the claims asserted in the Complaint, or at all.

3. Answering paragraph 3 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff or the putative class members are entitled to restitution and disgorgement, or to any of the relief at all.

4. Answering paragraph 4 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an accounting for any and all profits under any of the claims asserted in the Complaint, or at all.

5. Answering paragraph 5 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of statutory damages for any of the claims asserted in the Complaint, or at all.

6. Answering paragraph 6 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of general damages for any of the claims asserted in the Complaint, or at all.

7. Answering paragraph 7 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of special damages for any of the claims asserted in the Complaint, or at all.

8. Answering paragraph 8 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of exemplary damages for any of the claims asserted in the Complaint, or at all.

9. Answering paragraph 9 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of attorneys' fees and expenses under any of the claims asserted in the Complaint, or at all.

10. Answering paragraph 10 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to an award of costs sought under any of the claims asserted in the Complaint, or at all.

11.     Answering paragraph 11 of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint, or at all.

## DEFENDANT KMF'S AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Not Appropriate for Class Treatment)

Plaintiff's claims, and those of any putative class alleged in the Complaint, may not be certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and putative class members have suffered no actual injury in fact, and therefore lack standing to assert any claim, whether set forth in the Complaint or otherwise.

## FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's and putative class members' claims are barred by the doctrine of preemption, including but not limited to preemption based upon the Organic Food Production Act ("OFPA") and the California Organic Products Act.

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Barred by Express Regulatory Approval)

Plaintiff's and putative class members' claims are barred by virtue of the express regulatory approval, such that any relief to plaintiff or class members would be inconsistent with regulatory oversight by bodies to whom congress has delegated such authority in furtherance of regulating interstate commerce.

## SIXTH AFFIRMATIVE DEFENSE

### (Constitutional Protection)

Plaintiff's and putative class members' claims are barred in whole, or in part, by the First Amendment to the United States Constitution and the applicable provisions under the California Constitution that may apply to this lawsuit and which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Materiality or Justifiable Reliance)

Plaintiff's and putative class members' claims are barred, in whole or in part, because any statement by Defendant KMF that is alleged to be false (which KMF denies) or any omission allegedly made by KMF (which KMF denies) were not material to a reasonable person's purchasing decision, nor detrimentally or justifiably relied upon by plaintiff or putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

### (Safe Harbor/Compliance with Laws)

Plaintiff's claims are barred by California's safe harbor doctrine because Defendant's alleged actions, at all relevant times and places, were in compliance with applicable law, and because any product manufactured, marketing or sold by Defendant (including any packaging or labeling of its products) were in compliance with all applicable governmental regulations at the time such product was distributed.

///

///

### NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Without admitting any wrongful conduct on the part of Defendant, and without admitting that Plaintiff has suffered any loss, damage or injury, Plaintiff's claims for damages under the CLRA are barred by the defense of bona fide error, pursuant to California Civil Code § 1784.

### TENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations/Repose)

Plaintiff's claims are barred by the applicable statutes of limitations and any applicable statutes of repose, including but not limited to Cal. Civ. Code § 1783, Cal. Bus. & Prof. Code § 17208, Cal. Civ. Proc. Code §§ 338(d), 339(1), and Cal. Com. Code § 2725(1).

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Puffing)

Plaintiff's claims for false advertising are barred to the extent that any alleged deceptive statements were such that no reasonable person would have reasonably relied

upon or misunderstood Defendants' statements as claims of fact or that the entire product was "organic."

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiff's and putative class members' claims are barred, in whole or in part, because any damages sought are too speculative or remote.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief are barred to the extent there is an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Defendant by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate, as advertising and marketing activities are already monitored by various federal and state agencies. In addition, given that Defendant has already removed the "obsessively organic" claims from its products labeling and marketing, any claim for injunctive relief is moot, because Defendant no longer markets or sells the Product, and there is thus no reasonable likelihood of any harm being caused in the future by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Without admitting any wrongful conduct on the part of Defendant, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Provide CLRA Notice)

Plaintiff's purported claims under the California Consumers Legal Remedies Act is barred to the extent Plaintiff failed to provide timely and adequate written notice required by Cal. Civil Code § 1782.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions Comported With Prevailing Practices)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Legal Duty)

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Defendant because Defendant did not owe a legal duty to Plaintiff and putative class members or, if Defendant owed a legal duty to Plaintiff and putative class members, Defendant did not breach that duty.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Privity)

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Defendant, including but not limited to, any contractual privity, because Plaintiff and putative class members did not buy, and could not have bought any product directly from Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Injury)

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injuries, which injuries are denied, were not proximately caused by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Acts of Others)

To the extent Plaintiff and putative class members' allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Defendant had no control and for which Defendant is not legally responsible.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

Plaintiff and putative class members are not entitled to relief jointly and severally and Defendant is not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendant, if performed at all, were done in good faith.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendant, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

/ / /

/ / /

### THIRTIETH AFFIRMATIVE DEFENSE
### (Unconstitutionality of Monetary Relief)

An award of monetary relief, other than restitution, to Plaintiff under California Business & Professions Code Sections 17200 and 17500, including but not limited to penalties of any type, would violate the due process provisions of the Constitution of the State of California and the Constitution of the United States of America.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to be due in the FAC.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Unconstitutionality of Compelled Speech)

Any claim for corrective advertising or "disclosures" is barred, in that any form of compelled speech would violate the First Amendment to the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Abstention)

Plaintiff's claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administration prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Set-off)

Even if Plaintiff's claims are meritorious, which Defendant denies, those claims are subject to an offset or set-off for the value of the benefits that Plaintiff received.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (No Non-Restitutionary Disgorgement)

Plaintiff's claims are barred by California law to the extent he seeks non-restitutionary disgorgement.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (CLRA & Claim for Attorneys' Fees)

Plaintiff's individual claim and the putative class action claims under the CLRA and the claim for attorneys' fee have no merit because, without admitting liability or wrongdoing, KMF had already made the appropriate correction to its products' labeling and marketing by removing the contested "obsessively organic" claims from its products prior to receiving the purported CLRA notice and informed Plaintiff's counsel of the correction within 30 days of receiving the purported notice and prior to the filing of this action. (Cal. Civ. Code § 1782(b) & (c).)  Plaintiffs' purported CLRA Notice stated, "Given that our primary goal is to enjoin the false labeling and advertising claims, we will agree to take no further action in the matter if you will agree to conform your conduct to the requirements and prohibitions of California law." KMF specifically informed Plaintiff that it had already conformed its practices and conduct to the requirements of California law and had already removed the contested "organic" claims from its products.  Despite this confirmation, Plaintiff filed this action.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiff's individual claim and the putative class action claims are moot because KMF removed the contested "obsessively organic" claims from its products' labeling and marketing prior to the filing of this action.

### RESERVATION OF DEFENSES

Further responding, Defendant states that it currently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant KMF reserves the right to assert

additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant Kiss My Face prays as follows:

1. That Plaintiff and the putative class take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs and attorneys' fees incurred in defense of this action; and

For such other and further relief as the Court deems just and proper.

DATED: October 10, 2013        GREENBERG TRAURIG, LLP

By:            */s/ Angela L. Diesch*
               Angela L. Diesch
               Attorneys for Defendant Kiss My Face, LLC